Nick A. Swartzendruber, #06983
Poulson, Odell & Peterson, LLC
1660 Lincoln Street, Suite 1500
Denver, Colorado  80264
Attorney for Plaintiff,
The Pfanenstiel Company, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| The Pfanenstiel Company, LLC | ) | |
| | ) | Case No.: _____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Hunt Oil Company | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**COMPLAINT**

COMES NOW the Plaintiff, The Pfanenstiel Company, LLC ("Pfanenstiel"), by and through its attorneys, and for its Complaint against the Defendant, Hunt Oil Company ("Hunt"), states and alleges as follows:

**I.    PARTIES, JURISDICTION, AND VENUE**

1. Pfanenstiel is a limited liability company organized and existing under the laws of the State of Oklahoma. All members of Pfanenstiel are residents of Oklahoma. Pfanenstiel owns mineral interests, including oil and gas leasehold or "working" interests, located in Dunn County and Divide County, North Dakota.

2. Hunt is a corporation organized and existing under the laws of the State of

1

Delaware with its principal place of business in Dallas County, Texas. Hunt is registered to do business within the State of North Dakota, and operates oil and gas wells within Dunn and Divide Counties.

3. The Court has personal jurisdiction over the parties and has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Pfanenstiel and Hunt are citizens of different states, and the amount in controversy exceeds $75,000.

4. Venue is proper with this Court under 28 U.S.C. § 1391(b)(2).

## II.     GENERAL ALLEGATIONS

5. Pfanenstiel is the owner of mineral and working interests in Dunn County located within Sections 18 and 19 of Township 146 North, Range 92 West. These lands constitute a spacing unit established by the North Dakota Industrial Commission ("NDIC") for the Werner-Bakken Pool (the "Halliday Unit").

6. Hunt is the operator of the oil and gas wells drilled on the Halliday Unit. Specifically, Hunt operates the following wells: Halliday 146-92-1-18H-3, Halliday 146-92-19-18H-4, Halliday 146-92-19-18H-5, and Halliday 146-92-19-18H-6 (the "Halliday Wells").

7. As operator of the Halliday Wells, Hunt sent well proposals to Pfanenstiel pursuant to N.D. Admin. Code § 43-02-03-16.3. Pfanenstiel timely elected to participate in each of the Halliday Wells. *See* N.D. Admin. Code § 43-02-03-16.3(1)(a)(4). Pfanenstiel is therefore a "participating" or "consenting" owner in the Halliday Wells. In general terms, as a consenting owner in the Halliday Wells, Pfanenstiel agreed to pay its share of the wells' costs and is entitled to receive its share of the wells' revenues from first production.

8. Pfanenstiel's status as a consenting owner in the Halliday Wells means that Hunt may not impose "risk penalties" against Pfanenstiel under N.D.C.C. § 38-08-08(3). Generally

speaking, under that statute, the operator may charge non-consenting owners 300% of the owner's share of drilling and completion costs in the well (or, in the case of mineral owners, 150% of the owner's share of drilling and completion costs), recoverable only from the non-consenting owners' share of revenues in the well.

9. For various reasons, Pfanenstiel was unable to timely pay its share of drilling and completion costs for the Halliday Wells. Notwithstanding Pfanenstiel's affirmative election to participate in the Halliday Wells, on July 19, 2019, Hunt filed an Application to the NDIC (Case No. 27791) contending that Pfanenstiel's inability to pay its share of the costs in the Halliday Wells permitted Hunt to treat Pfanenstiel as a nonconsenting owner under N.D.C.C. § 38-08-08, which would allow Hunt to charge risk penalties against Pfanenstiel.

10. Pfanenstiel timely answered and moved to dismiss Hunt's Application. Hunt moved for summary judgment. By Order dated October 22, 2019, the NDIC granted Pfanenstiel's Motion to Dismiss and denied Hunt's Motion for Summary Judgment (Order No. 30240). (Exhibit A).

11. In the Order, the NDIC stated, "Contrary to a 'non-participating owner,' a 'participating owner' is one that responds to the invitation within the required period of time electing to participate. As Pfanenstiel executed the election to participate within the required time period, Pfanenstiel would be considered a participating owner unless the validity of the election to participate was found to be invalid." (Order, ¶ 12). The NDIC further stated, "The Commission does not have jurisdiction to determine whether or not the election to participate is invalid due to non-payment of invoices. The implications of Pfanenstiel's payment or non-payment of invoices on the validity of the election is a contractual determination and must be determined by the District Court." (*Id.* ¶ 14). It is notable that, before the NDIC, Hunt never

claimed that Pfanenstiel's election was invalid when made.

12. Hunt did not appeal from the NDIC Order.

13. Despite the NDIC's Order, Hunt continues to maintain that Pfanenstiel is a non-participating owner in the Halliday Wells. In fact, less than two months after the Order, Hunt filed an "Affidavit of Non-Consent" with the Dunn County Recorder (Doc. No. 3090355) asserting that Pfanenstiel is a non-participating owner in the Halliday Wells.

14. In addition, Hunt asserts that Pfanenstiel is a non-consenting owner in numerous other wells, including: Quill 145-93-10-3H-3, Quill 145-93-10-3H-4, Quill 145-93-10-3H-5, Quill 145-93-10-3H-6, Alexandria 161-100-24-23H-1, Alexandria 161-100-24-13H-3, Alexandria 161-100-24-13H-4, and Alexandria 161-100-24-13H-5. Like the Halliday Wells, Hunt is treating Pfanenstiel as a nonconsenting owner in these additional wells based only upon Pfanenstiel's inability to pay for its share of the wells' costs when invoiced. Like the Halliday Wells, Hunt filed Affidavits of Non-Consent against Pfanenstiel's interests in these wells with the Dunn County Recorder (Doc. No. 3097941) and the Divide County Recorder (304552). These additional wells, along with any other unnamed wells in which Hunt treats Pfanenstiel as a nonconsenting owner due to failure to pay, will be referred to herein as the "Similarly Situated Wells."

### III.   FIRST CLAIM FOR RELIEF
**(Declaratory Relief pursuant to 28 U.S.C. §§ 2201, 2202)**

15. Pfanenstiel restates all preceding allegations in paragraphs 1-14 as though fully set forth herein.

16. This Court has the authority to declare rights, status, and other legal relations among Pfanenstiel and Hunt in relation to their dispute over Pfanenstiel's status as a consenting owner in the Halliday wells and the Similarly Situated Wells.

17. Hunt did not appeal from the NDIC's Order. The NDIC Order is therefore not

subject to collateral attack, and has preclusive effect for all issues that were or could have been raised in an appeal.

18. To the extent Hunt is not barred from challenging Pfanenstiel's consenting owner status, Hunt may not impose risk penalties against Pfanenstiel since Pfanenstiel timely elected to participate in the Halliday Wells and the Similarly Situated Wells pursuant to N.D. Admin. Code § 43-02-03-16.3(1)(a)(4). Under N.D.C.C. § 38-08-08(3), the only fact that determines an owner's status as a consenting or nonconsenting owner is the owner's well election.

19. Hunt seeks to engraft a contractual remedy that does not exist under the North Dakota Century Code. Specifically, Hunt desires to impose a remedy found in many modern joint operating agreements that permits an owner to be "deemed non-consent" (thereby allowing the imposition of risk penalties) where a participating non-operating owner does not pay its share of well costs. There are no such joint operating agreements between Hunt and Pfanenstiel, and nowhere does this remedy exist under N.D.C.C. § 38-08-01 *et seq*.

20. Hunt's remedy against Pfanenstiel for nonpayment of well expenses is through a breach of contract action. (*See* Order, Exhibit A hereto, ¶ 12) ("A well proposal and the executed election ballot to participate constitutes an agreement."). Further, the statutes specifically provide that an operator who has not been paid by a participating owner may file a lien on the production of that owner to recover unpaid amounts due. N.D.C.C. § 38-08-10. Hunt may not simply declare Pfanenstiel to be a nonconsenting owner as it has attempted with the Affidavits of Nonconsent.

21. Pfanenstiel requests that the Court enter a judgment declaring that Pfanenstiel is a participating owner in the Halliday Wells and the Similarly Situated Wells, and not subject to risk penalties under N.D.C.C. § 38-08-08(3).

22. This Court also has the authority to require Hunt to provide a full accounting of

costs and revenues for each the Halliday Wells and the Similarly Situated Wells. On information and belief, such an accounting will show that revenues associated with the Halliday Wells and the Similarly Situated Wells exceed the costs, and that money is therefore due to Pfanenstiel as a consenting owner.

23. Pfanenstiel therefore requests that the Court order Hunt to provide a detailed monthly accounting of all costs and revenues for each of the Halliday Wells and the Similarly Situated Wells, and enter a money judgment in favor of Pfanenstiel to the extent Pfanenstiel's revenues associated from the wells exceed its share of the wells' costs.

### IV. SECOND CLAIM FOR RELIEF
### (Breach of Contract)

24. Pfanenstiel restates all preceding allegations in paragraphs 1-23 as though fully set forth herein.

25. Hunt's well proposals and Pfanenstiel's elections to participate constitute contracts for Pfanenstiel to pay its share of the wells' costs, and for Hunt to pay Pfanenstiel its share of the wells' revenues.

26. After the Halliday Wells' and the Similarly Situated Wells' revenues were sufficient to cover their costs, Hunt had a contractual duty to pay to Pfanenstiel its share of revenues subject only to ongoing costs of operation.

27. On information and belief, Hunt has failed to pay the revenues described in paragraph 26. Accordingly, Hunt has breached its contracts with Pfanenstiel.

28. Hunt's breach of contract has caused Pfanenstiel damages. Pfanenstiel is entitled to a judgment against Hunt for all damages sustained as a result of Hunt's breach of contract.

## V.   THIRD CLAIM FOR RELIEF
### (Conversion)

29. Pfanenstiel restates all preceding allegations in paragraphs 1-28 as though fully set forth herein.

30. When Hunt failed to pay Pfanenstiel its share of oil and gas revenues from the Halliday Wells and the Similarly Situated Wells on the notion that Pfanenstiel is a non-participating owner, Hunt wrongfully detained Pfanenstiel's revenues inconsistently with, and in defiance of, Pfanenstiel's rights as the owner of those revenues. Hunt's conduct constituted a conversion.

31. Hunt's conversion caused Pfanenstiel damages. Pfanenstiel is entitled to a judgment against Hunt for all damages sustained as a result of Hunt's conversion.

WHEREFORE, PREMISES CONSIDERED, Pfanenstiel prays for an order, judgment and/or decree from this Court as follows:

1. Declaring that Pfanenstiel is a participating owner in the Halliday Wells and the Similarly Situated Wells, and not subject to risk penalties under N.D.C.C. § 38-08-08(3);

2. Requiring Hunt to provide a detailed monthly accounting of all costs and revenues for each of the Halliday Wells and the Similarly Situated Wells, and entering a money judgment in favor of Pfanenstiel to the extent Pfanenstiel's revenues associated from the wells exceed its share of the well costs.

3. Entering a judgment against Hunt for all damages sustained as a result of Hunt's breach of contract.

4. Entering a judgment against Hunt for all damages sustained as a result of Hunt's conversion;

5. Awarding costs and reasonable attorney's fees as permitted by contract, statute, or

other law; and

6. Granting such further or other additional relief as this Court may deem just and proper.

Dated this 17th day of October, 2024

*/s/ Nick A. Swartzendruber*
Nick A. Swartzendruber, #06983
Poulson, Odell & Peterson, LLC
1660 Lincoln Street, Suite 1500
Denver, Colorado 80264
Attorney for Plaintiff,
The Pfanenstiel Company, LLC