**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| The Pfanenstiel Company, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S** |
| | ) | **MOTION FOR MONEY JUDGMENT** |
| vs. | ) | |
| | ) | Case No.1:24-cv-212 |
| Hunt Oil Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is the Plaintiff's "motion for money judgment based on summary judgment order" filed on April 3, 2026. See Doc. No. 52. The Defendant filed a response in opposition to the motion on April 17, 2026. See Doc. No. 53. The Plaintiff filed a reply brief on April 24, 2026. See Doc. No. 54. For the reasons set forth below, the motion is denied.

I.   **BACKGROUND**

This case arises from disputes between The Pfanenstiel Company, LLC ("Pfanenstiel") and Hunt Oil Company ("Hunt") regarding oil and gas operating and production costs and subsequent revenues. The factual background of this case is contained in the Court's order on summary judgment filed on February 23, 2026. See Doc. No. 48. The Court hereby incorporates the factual background from the order.

On October 18, 2024, Pfanenstiel initiated this action. See Doc. No. 1. Pfanenstiel brings a declaratory judgment claim requesting the Court declare that it is a participating owner in certain wells operated by Hunt ("the disputed wells") and is not subject to risk penalties under N.D.C.C. § 38-08-08(3). Pfanenstiel also brings a breach of contract and a conversion claim against Hunt. On October 3, 2025, Hunt moved for summary judgment. See Doc. No. 26. Pfannenstiel filed a

1

cross motion for summary judgment on November 10, 2025. See Doc. No. 35. On February 23, 2026, the Court issued an order on the motions for summary judgment. See Doc. No. 48. The Court granted the Defendant's motion for summary judgment and denied the Plaintiff's motion for summary judgment. The Court rejected Pfanenstiel's declaratory judgment, breach of contract, and conversion claims. As relevant to this motion, the Court concluded the undisputed facts in the case show that Pfanenstiel is a non-participating owner and therefore, is not entitled to a declaration that it is a participating owner that is not subject to risk penalties under N.D.C.C. § 38-08-08(3). The order fully disposed of each of Pfanenstiel's claims in this matter. The Clerk of Court entered Judgment in favor of Hunt on February 23, 2026. See Doc. No. 49.

Pfanenstiel appealed the order to the Eighth Circuit Court of Appeals on March 24, 2026. See Doc. No. 50. On April 3, 2026, Pfanenstiel filed a motion for money judgment in this case. See Doc. No. 52. Pfanenstiel contends it is entitled to monetary relief based on the judgment in favor of Hunt. Pfanenstiel also argues that further proceedings, including additional discovery, are necessary to determine the amount Hunt owes to Pfanenstiel because discovery was not concluded on the issue prior to the filing of the summary judgment motions. The Court notes that Pfanenstiel did not bring this claim in its complaint, nor did it argue in summary judgment briefings that it is entitled to a monetary judgment if the Court ruled in favor of Hunt. On May 7, 2026, the Eighth Circuit Court of Appeals granted Pfanenstiel's unopposed motion to hold the appeal in abeyance until the District Court rules on the motion for money judgment. See Doc. No. 55. The motion for money judgment is fully briefed and ripe for disposition.

II.     **LEGAL DISCUSSION**

Pfanenstiel alleges that the order on summary judgment addressed the liability component of the case, but it did not address the remedies that should be awarded to Pfanenstiel based on the rulings. In particular, Pfanenstiel argues that the Court's determination that it is a non-participating owner entitles it to receive reimbursement from payments it made to Hunt toward expenses incurred on the disputed wells. Pfanenstiel contends that reimbursement is consistent with the statutory basis for risk penalties. The issue was not addressed in the order on summary judgment because Pfanenstiel did not raise the issue until the present motion. Hunt argues that Pfanenstiel's motion is procedurally and substantively improper.

A.     **NOTICE**

Pfanenstiel first argues that its motion is proper because Hunt had notice of the issue presented in the motion for money judgment. Hunt opposes Pfanenstiel's request for money judgment and argues that the motion presents a new claim. The Court agrees. Pfanenstiel's motion is based on theories it did not plead. Pfanenstiel's complaint contains three claims for relief – declaratory judgment, breach of contract, and conversion. All three claims are based on Pfanenstiel's contention that it is a participating owner. Pfanenstiel did not allege any claims or request any type of relief in the event that the Court determined Pfanenstiel is a non-participating owner. Thus, Hunt did not have notice of the issue Pfanenstiel now raises. Because the issue was raised for the first time in Pfanenstiel's motion, Hunt did not have an opportunity to address the issue.

In its motion, Pfanenstiel requests further proceedings. It is unclear what proceedings Pfanenstiel requests. Pfanenstiel also stated that further discovery is necessary to determine the

amounts owed by Hunt since the parties did not conduct discovery on this matter. Pfanenstiel acknowledges that production revenues and payments allegedly owed to Pfanenstiel are disputed amounts. The discovery deadline has long passed. Discovery was due on October 17, 2025, after Magistrate Judge Clare R. Hochhalter granted two requests for extension of the discovery deadline. Re-opening discovery after judgment has been entered is not appropriate in this case. Pfanenstiel claims that the complaint and summary judgment briefing gave Hunt adequate notice of the issue. Based on a review of the record, the Court disagrees. The Court questions why Pfanenstiel did not conduct discovery on the issue during the discovery period if Pfanenstiel believed that it previously raised the issue. Pfanenstiel had ample time to conduct discovery on the issue raised in its motion for money judgment. If Pfanenstiel had raised this claim in its complaint, or even adequately addressed it in summary judgment briefing, discovery could have been conducted prior to the Court's ruling. Pfanenstiel waited to raise this issue until more than one month after the Court entered judgment in favor of Hunt and closed the case.

### B.     <u>RULE 54(c)</u>

Pfanenstiel argues that it is entitled to a money judgment under Rule 54(c) of the Federal Rules of Civil Procedure. Rule 54(c) states, "[e]very final judgment [other than default] should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Addressing Rule 54(c), the Eighth Circuit Court of Appeals has held, "a party will not be given relief not specified in its complaint where the failure to ask for particular relief so prejudiced the opposing party that it would be unjust to grant such relief." <u>Baker v. John Morrell & Co.</u>, 382 F.3d 816, 831 (8th Cir. 2004). Under Rule 54(c), "the district court may grant any relief to which the evidence shows a party is entitled, even though that party has failed to request the

appropriate remedy or remedies in his pleading." <u>Roemen v. United States</u>, 2024 WL 4372197, *3 (D.S.D. Oct. 2, 2024).

Pfanenstiel's motion is beyond the scope of Rule 54(c). Pfanenstiel argues it is entitled to this type of relief, even though it did not request it in the complaint. The motion is not as straightforward as Pfanenstiel suggests. Pfanenstiel's motion presents a new claim, which is based on theories that it did not plead. Pfanenstiel's claims in its complaint are based on its argument that it is a participating owner. Pfanenstiel did not argue in the alternative that it was entitled to any kind of relief if the Court determines it is a non-participating owner. Pfanenstiel's new claim is based on disputed facts. Discovery was not conducted on the issue. The Court cannot conclude Pfanenstiel is entitled to relief under Rule 54(c) since discovery has not been conducted, evidence was not presented, the parties did not brief the issue, and the merits of the claim have not been determined. Further, granting Pfanenstiel the relief it claims it is entitled to would be prejudicial to the Defendant as Hunt has not had an opportunity to address this issue. Pfanenstiel has not presented any authority stating a party can bring a motion for monetary relief not contained in the pleadings after the Court disposes of said party's claims on summary judgment and after the entry of judgment. Pfanenstiel is not entitled to money judgment under Rule 54(c).

### C.    28 U.S.C. § 2202

Pfanenstiel contends it is entitled to relief under 28 U.S.C. § 2202. Section 2202 provides, "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." Section 2202 is "intended to permit a court to supplement an original

declaratory judgment with either damages or equitable relief." United States v. Chromatex, Inc., 2006 WL 2988942, *2 (M.D. Pa. Oct. 17, 2006).

While the Eighth Circuit Court of Appeals has not directly addressed the issue, several courts have concluded that only the party prevailing at the original declaratory judgment stage can seek further relief under Section 2202. See, e.g., Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc., 575 F.2d 530, 537 (5th Cir. 1978); Alexander & Alexander, Inc. v. Van Impe, 787 F.2d 163, 166 (3d Cir. 1986). Allowing the losing party to move for further relief undermines the purpose of Section 2202 "because undoubtedly the losing party would still be opposed to the original relief. Therefore, any further relief sought by the losing party would be inconsistent with the original declaratory judgment, a result antithetical to the language and purpose of 28 U.S.C. § 2202." Chromatex, Inc., 2006 WL 2988942 at *3.

Here, Pfanenstiel requested the Court enter a judgment declaring that it is a participating owner in the disputed wells and is not subject to risk penalties under N.D.C.C. § 38-08-08(3). The Court concluded that "[t]he undisputed facts in this case show that Pfanenstiel is a nonparticipating owner as a matter of law." See Doc. No. 48, p. 16. Accordingly, the Court denied Pfanenstiel's motion for summary judgment and granted summary judgment in favor of Hunt. Therefore, Hunt is the prevailing party. As the losing party, Pfanenstiel is not entitled to relief under Section 2202.

## III.   CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, and relevant case law.  For the reasons set forth above, the Plaintiff's motion for money judgment (Doc. No. 52) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 19th day of May, 2026.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court